UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIMMIE HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:11-CV-160 PS |
| vs. | ) |
| | ) |
| GOODWILL INDUSTRIES, | ) |
| and LaTONYA GAINES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jimmie Hunt, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), the court must review the merits of a complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Hunt alleges that after he left his employment with Goodwill Industries, LaTonya Gaines delayed giving him his final paycheck. Though Hunt alleges that this prevented him from posting bond, it would be unreasonable to infer that Gaines was acting under color of state law, because Gaines was a supervisor at Goodwill Industries which is a private not-for-profit company. Therefore Hunt does not state a federal law claim under § 1983.

Neither can he establish that the court has the diversity jurisdiction necessary to consider a state law claim. "In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $ 75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Though the complaint does not identify the citizenship of the parties, it is legally impossible for Hunt to recover $75,000 on this claim. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins.*, __ F.3d __, __; 2011 WL 1206184, *2; 2011 U.S. App. LEXIS 6760, *5 (7th Cir. April. 1, 2011) ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.")

Under Indiana law, a claim for delayed payment of wages arises under either the Wage Payment Statute, INDIANA CODE 22-2-5-1 *et seq*. (if Hunt left Goodwill Industries voluntarily) or the Wage Claims Statute, INDIANA CODE 22-2-9-1 *et seq*. (if he was fired from Goodwill Industries). *Hollis v. Defender Security Company*, 941 N.E. 2d 536 (Ind. Ct. App. 2011). "Regarding the Wage Claims Statute . . . Claimants who proceed under this statute may not file a complaint with the trial court. Rather, the wage claim is submitted to the Indiana Department of Labor." *Id.* at 538 (quotation marks and citation omitted). Under the Wage Payment Statute, the

maximum recovery is limited to "a total award of three times the wages due." *Fardy v. Physicians Health Rehabilitation Services, Inc.*, 529 N.E.2d 879, 882 (Ind. Ct. App. 1988).

Thus, if Hunt was fired, he may not bring this claim in any court and therefore diversity jurisdiction cannot exist. If Hunt quit voluntarily, in order to establish that the amount in controversy meets the $75,000 threshold, the amount of his delayed wage payment must have been at least $37,500.[1] It is unreasonable to infer that his delayed wages were anywhere near that much. Therefore Hunt cannot establish diversity jurisdiction over any state law claim that he may have.

For the foregoing reasons, the federal claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and any state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for want of jurisdiction.

**SO ORDERED**.

ENTERED: May 2, 2011

                                                    /s/ Philip P. Simon
                                                    Chief Judge
                                                    United States District Court

---

[1] Because Hunt alleges that he was paid his wages (albeit late), the maximum claim in this case is not three times the amount owed, but only the remaining additional "penalty" amount that has not been paid. That is, two times his original wages, and $37,500 times 2 equals $75,000, the minimum amount in controversy required for diversity jurisdiction.